IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

CHRISTOPHER L. BAKER,            )
                                 )
            Plaintiff,           )
                                 )
       v.                        )   No. 06-4092-CV-C-NKL
                                 )
PETTIS COUNTY JAIL, et al.,      )
                                 )
            Defendants.          )

## REPORT AND RECOMMENDATION

Plaintiff Christopher L. Baker, formerly confined in the Pettis County Jail, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

In support of his claims seeking injunctive and monetary relief, plaintiff states defendants were denying him necessary anti-psychotic medications, retaliated against him, and failed to protect him from other inmates. In response to plaintiff's claims, defendants filed a joint motion for summary judgment, stating there is no dispute of material fact as to plaintiff's claims and that summary judgment on behalf of defendants is proper. Additionally, defendants state plaintiff's release from custody makes his injunctive claims moot.

Defendants Pettis County, Bond, Atwood, Hargrave, Meyer and Brosch have also filed supplemental suggestion in support of summary judgment regarding plaintiff's failure-to-protect and retaliation claims. Advanced Medical Services ("AMS") has filed a motion to dismiss plaintiff's claims of retaliation and failure to protect, citing no allegations against AMS.

This court recommends AMA's motion to dismiss and defendants' joint motion for summary judgment be granted.

I.   Factual Background
     A.   Medical Care

Named defendants are the Pettis County Jail, Kevin Bond, Sam Hargrave, and AMS. Plaintiff states defendants failed to provide him necessary medical care, in violation of his Eighth Amendment rights.

Plaintiff was incarcerated at the Pettis County Jail from September 30, 2005, through January 2, 2006, and then was reincarcerated from April 12, 2006, through January 6, 2007. Plaintiff cites the specific dates of April through September 2006 as the time during which defendants denied him necessary anti-psychotic medication, resulting in his suffering extreme mental anguish.

On April 12, 2006, plaintiff was arrested and incarcerated at the Pettis County Jail on charges of failure to appear, 1st degree property damage, and 2nd degree assault on a law officer. On April 14 and May 13, 2006, plaintiff had his prescribed medications Lithium and Elavil refilled while incarcerated at the jail. On Monday May 22, 2006, plaintiff was seen by Dr. Ahmed of AMS. Dr. Ahmed noted no significant issues other than toothache; noted plaintiff as having antisocial personality traits, and possible anger management and impulse control issues; noted most of plaintiff's issues related to his personality conflicts and behavioral problems and not mental illness; and cited no evidence of schizophrenia. On June 13, July 14, and August 14, 2006, plaintiff's Lithium and Elavil medications were again refilled. On August 12, 2006, plaintiff was seen by Nurse Houghland, R.N., for Dr. Ahmed, who noted plaintiff was to be referred to anger management and then to mental health. On August 21, 2006, Dr. Ahmed saw plaintiff, noted his antisocial behavior and reviewed plaintiff's medications, noting prescriptions for Elavil and Lithium. Dr. Ahmed found no anti-psychotic necessary to control plaintiff's behavior. Dr. Ahmed stated plaintiff initially denied that he refused his referral to anger management, but subsequently acknowledged that he did refuse the referral. Dr. Ahmed again referred plaintiff to anger management, and then mental health, upon completion of anger management. On September 12, 2006, plaintiff's Lithium and Elavil medications were refilled.

On September 14, 2006, in response to plaintiff's allegations of denial of necessary anti-psychotic medications, defendants requested plaintiff to execute medical release forms in order to allow the jail to obtain his medical (psychiatric) records from Royal Oaks Hospital, where

plaintiff was treated in February 2006, a couple of months prior to his April 2006 incarceration. Upon receipt of such records, defendants referred plaintiff to a psychiatrist, Robert Frick, M.D.

Dr. Frick reviewed plaintiff's records from the jail and those obtained from Royal Oaks, and personally evaluated plaintiff. Dr. Frick found plaintiff to suffer from antisocial personality disorder, schizo-affective disorder and probably dependent personality disorder. Dr. Frick recommended a trial of Thorazine 50-100 mg, with adjustments as necessary.

On September 18, 2006, plaintiff was again seen by Dr. Ahmed, who evaluated plaintiff, noting plaintiff's refusal to attend anger management and his not wanting to modify his behavior. Dr. Ahmed noted the psychiatrist's diagnosis of schizo-affective disorder, and ordered the anti-psychotic medication Thorazine, 100 mg. daily. Dr. Ahmed cited the hopeful effect of Thorazine restraining plaintiff's violent tendencies and anger issues. On October 10, 2006, plaintiff's Lithium, Elavil and Thorazine medications were refilled.

At the October 11, 2006 telephone conference with the Court and counsel for defendants, plaintiff advised he was receiving his necessary medications.

### B. Retaliation and Failure to Protect

Named defendants are Sam Hargrave, Mike Brosch, Jennifer Meyer and Jason Atwood. Plaintiff states that on June 19, 2006, he was threatened and harassed by two inmates in his cell block at the Pettis County Jail. Plaintiff states he reported the threats, and was ordered to lock down in his individual cell. Plaintiff alleges that despite his complaints, he was not moved to a different cell block and had to remain in his individual cell most of the time over the next five days. Plaintiff states that on June 24, 2006, he was physically assaulted and chased into his individual cell by another inmate in the cell block. Plaintiff states that as a result of the incident, he was removed from his cell and placed in a separate dark cell. Plaintiff states that on June 25, 2006, when he requested toothpaste, soap and his bible, via the jail intercom, he was advised by defendant Atwood to file a grievance and that he could add it to his lawsuit. Plaintiff states defendants failed to appropriately protect him, and unjustly punished him, in violation of his Eighth Amendment rights, and in retaliation for his filing this federal lawsuit.

## II. Motion to Dismiss Standard

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

3

entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

## III. Discussion

The motion of defendant AMS to dismiss argues that plaintiff makes no allegations against it regarding his claims of retaliation and failure to protect. Plaintiff has not filed opposition to the motion.

Upon review, the court finds plaintiff has not made allegations of retaliation and/or failure to protect against AMS, and therefore, AMS's motion to dismiss should be granted.

## IV. Motion for Summary Judgment

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

4

**V.    Discussion**

   **A.    Injunctive Relief Claims**

In light of plaintiff's release from custody, his injunctive claims in this case are moot. Wycoff v. Brewer, 572 F.2d 1260, 1262 (8th Cir. 1978) (A prisoner's claim for injunctive relief is moot when he is no longer subject to the conditions for which he has sought to remedy). Moreover, the court notes that plaintiff's requests for medication became moot on October 11, 2006, when he advised the court and counsel for defendants that he was receiving his necessary medications.

   **B.    Damage Claims**

      **1.    Denial of Medical Treatment Claims**

To the extent plaintiff was a pretrial detainee, his medical claims should be analyzed under the Fourteenth Amendment's substantive Due Process Clause rather than the Eighth Amendment. Nonetheless, the Eighth Circuit has held that the deliberate indifference standard applied to a convicted prisoner also applies to pretrial detainees. Butler v. Fletcher, 465 F.3d 340, 345 (8th Cir. 2006).

To succeed on his claims regarding denial of medical care, plaintiff must prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Prison officials may not be held liable under 42 U.S.C. § 1983 for mere negligence in the treatment of an inmate. Id. The standard for "deliberate indifference" includes an objective and a subjective component. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Thus, to prevail on his claims, plaintiff must show 1) that the medical deprivation was objectively sufficiently serious; and 2) that prison officials subjectively knew about the deprivation and refused to remedy it. A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)); see also Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (citing Camberos v. Branstad, 73 F.3d at 176). When an inmate alleges a delay in medical treatment constituted a constitutional deprivation, the objective seriousness of the deprivation is also measured by reference to the effect of the delay in

5

treatment.  Coleman v. Rahija, 114 F.3d at 784 (citing Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997)); see also Beyerbach v. Sears, 49 F.3d at 1326.  An inmate who complains that the delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed.  Beyerbach v. Sears, 49 F.3d at 1326 (quoting Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994)).

A mere difference of opinion between plaintiff and his treating physician about what treatment is appropriate does not give rise to a colorable claim under section 1983.  Warren v. Fanning, 950 F.2d 1370, 1373 (8th Cir. 1991); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990); Courtney v. Adams, 528 F.2d 1056 (8th Cir. 1976).  Likewise, disagreement with a diagnosis or course of medical treatment is insufficient to state a claim.  Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993).  Nothing in the Eighth Amendment prevents doctors from exercising independent medical judgment.  Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).

In the instant case, the parties do not dispute the issue of whether plaintiff was suffering from a serious medical condition; therefore, this court will assume that plaintiff's request for anti-psychotic medication constituted a serious medical condition, and that the first element of a medical deliberate indifference claim has been met.  Thus, the remaining issue as to plaintiff's claims alleging denial of medical care is whether defendants were subjectively aware that plaintiff required anti-psychotic medication, but refused to prescribe it and/or delayed such treatment nonetheless.

The evidence in this case shows that defendants were aware plaintiff had a mental health condition and recognized and presribed medications for such condition. When incarcerated at the Pettis County Jail in April 2006, plaintiff's mental health prescriptions for Elavil and Lithium were renewed in less than 48 hours.  These prescriptions were consistent with the medication previously received by plaintiff at the Pettis County Jail, just a few months prior when he was incarcerated from September 30, 2005, through January 2, 2006.[1]

---

[1] During plaintiff's previous incarceration at the Pettis County Jail just a couple months prior to his reincarceration on April 12, 2006, plaintiff had also been seen by Dr. Ahmed at the jail.  During this time, Dr. Ahmed evaluated plaintiff's medications, and subsequently ordered that plaintiff's Clonazepam and Effexor be allowed to expire; advised that when the Seroquel

6

Although Dr. Ahmed, plaintiff's treating physician at the jail, was aware of plaintiff's requests for anti-psychotic medications, his medical diagnosis of plaintiff was inconsistent with such requests. Dr. Ahmed diagnosed plaintiff as suffering from personality disorder and behavioral issues, but was not schizophrenic, and thus, determined that plaintiff did not require anti-psychotic medication. This disagreement between Dr. Ahmed and plaintiff as to plaintiff's diagnosis and what prescription medications were appropriate is not sufficient for a jury to find that Dr. Ahmed was deliberately indifferent to plaintiff's health and safety.

Evidence that plaintiff was later referred to specialist Dr. Frick, a psychiatrist, who determined plaintiff to suffer from schizo-affective disorder, and recommended plaintiff be put on Thorazine, an anti-psychotic medication, is not sufficient for a jury to find that Dr. Ahmed and defendants had been deliberately denying plaintiff needed anti-psychotic medication for his medical/mental condition. Doctors do not violate the Constitution merely by exercising their independent judgment as to what treatment is most appropriate for a patient.

Additionally, the evidence shows that Dr. Ahmed and defendants immediately (the following day) acknowledged the psychiatrist's diagnosis and recommendation that plaintiff be prescribed the anti-psychotic medication Thorazine. These actions by defendants clearly refute assertions by plaintiff that defendants had been deliberately denying him anti-psychotic medications, despite knowing he required them.

To the extent plaintiff seeks to collect monetary damages from defendants for the delay in providing him anti-psychotic medications, plaintiff has come forward with no verifiable medical evidence, or any evidence beyond his mere allegations, that he suffered a detrimental effect, loss or otherwise, as a result of a delay in his being prescribed an anti-psychotic medication. Plaintiff's generalized, unsupported allegation that he suffered extreme mental anguish is insufficient evidence on which to support a constitutional violation claim seeking damages for delay in receiving medical care.

---

expired, to give Elavil; and to continue Lithium twice daily. These medications prescribed by Dr. Ahmed were administered to plaintiff and refilled on several occasions. On December 5, 2006, Dr. Ahmed saw plaintiff regarding his wanting Klonopin, a medication that plaintiff was not taking at the time, or at the time of his incarceration. Dr. Ahmed noted drug-seeking behavior; patient is stable mental status, no need to add more psycho-active substances.

7

At most, plaintiff's allegations may state a claim of medical mal-practice, but such claims are not actionable under 42 U.S.C. § 1983. Negligent injury to an inmate by prison officials does not constitute a Fourteenth Amendment violation. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986). It is also not an Eighth Amendment violation. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests and safety." Whitley v. Albers, 475 U.S. 319 (1986). See also Wells v. Walker, 671 F. Supp. 624, 627 (E.D. Ark. 1987), aff'd, 852 F.2d 368 (8th Cir. 1988).

No reasonable jury could find that the denial and/or delay of plaintiff's receipt of anti-psychotic medication was the result of defendants' deliberate indifference to plaintiff's health and safety needs, in violation of plaintiff's Fourteenth or Eighth Amendment constitutional rights.

**2.     Retaliation**

To succeed on his retaliation claim, plaintiff must prove that he engaged in a protected activity, and that defendants, to retaliate for the protected activity, took adverse action against him that would chill a person of ordinary firmness from engaging in that activity. Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007). Plaintiff's filing of this lawsuit is a protected activity, id. at 1029; therefore, the remaining issue is whether defendants took adverse actions against plaintiff in an attempt to chill his efforts in this suit.

Plaintiff's being assaulted by another inmate, and then receiving discipline in response to his involvement in the incident, fails to set forth evidence to support claims that defendants were intentionally retaliating against him in an attempt to chill him from pursuing this lawsuit. Discipline taken in response to prisoner misconduct fails to state a claim of retaliation. Goff v. Burton, 7 F.3d 734, 738 (8th Cir. 1993). Moreover, mere statements by one jail staff member at Pettis County Jail that could potentially be interpreted as suggesting a retaliatory motive, without more, are insufficient to establish a retaliation claim. Additionally, the court notes that the punishment received by plaintiff, which he alleges was retaliatory, appears to involve, at most, a 24-hour period, and alleges only that he was put in a "dark cell"; plaintiff makes no allegations that he was denied basic necessities of life.

Plaintiff's claims of retaliation are unsupported by sufficient evidence from which a reasonable jury could find defendants' actions were the result of plaintiff filing this federal lawsuit.

### 3. Failure to Protect

A violation of the Eighth Amendment based on a failure to protect requires that (1) the conditions that result from the failure to protect the inmate pose a substantial risk of serious harm; and (2) that the prison official must have been deliberately indifferent to the substantial risk of serious harm. Lenz v. Wade, 490 F.3d 991, 995 (8th Cir. 2007) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). A substantial risk of serious harm ensures that the deprivation is sufficiently serious to amount to a deprivation of constitutional dimension. Lenz, 490 F.3d at 995. A prison official cannot be found liable under the Eighth Amendment for failing to protect an inmate unless the official knows of and disregards an excessive risk to an inmate's health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist, and must also draw the inference. Id.

Plaintiff's allegations that defendants failed to take immediate action to have him removed from his jail cell block based on his generalized allegations, during a five-day-period, and that he was being threatened and harassed by other inmates, fail to identify evidence that defendants were aware of a substantial risk of serious harm to plaintiff, and with deliberate indifference failed to protect plaintiff. Although jail officials must protect inmates from the assault of other inmates, the reality is that inmates in a jail don't always get along, and therefore, generalized statements by an inmate, over a period of less than a week, that he is not getting along with other inmates, fail to allege sufficient knowledge of a risk of serious harm. A series of isolated incidents, such as the five days at issue in the instant case, are typically an insufficient basis upon which to assign failure-to-protect liability. Id. at 995-96. Moreover, defendants advising plaintiff, upon his first complaint, that he could remain in his individual cell if he was having safety concerns in the cell block, is contrary to plaintiff's clams that defendants were deliberately indifferent to his complaints. Finally, the court notes that there is no allegation that plaintiff was seriously harmed; rather, plaintiff provides only that he was "assaulted."

Plaintiff has failed to come forward with evidence from which a reasonable jury could find that defendants failed to protect him, in violation of his constitutional rights.

9

**VI. Conclusion**

Plaintiff makes no allegations of retaliation and/or failure to protect against AMS, and therefore, the motion of AMS to dismiss should be granted.

Defendants' joint motion for summary judgment should also be granted. There is no dispute of material fact regarding plaintiff's claims of denial of medical care, retaliation and failure to protect, and based on this evidence, defendants are entitled to judgment as a matter of law.

IT IS, THEREFORE, ECOMMENDED that the motion of Advanced Medical Services to dismiss be granted. [66] It is further

RECOMMENDED that defendants' joint motion for summary judgment be granted and plaintiff's claims be dismissed. [61]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 22nd day of October, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge